# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

VINCENT McCRUDDEN,
     Plaintiff,

v.

TOPSTEPFUNDED LLC, an Illinois limited liability company;
TOPSTEP LLC, a Delaware limited liability company;
TOPSTEPTRADER, LLC, an Illinois limited liability company;
ANDREW JAMES MARATEA, individually;
MICHAEL JOSEPH PATAK, individually;
SARAH SUZAN ZELENY, individually;
SUMMER KERISHA CAPPS, individually; and
TAMMY SUE BOTSFORD, individually,
     Defendants.

**Civil Action No. 3:26-CV-816-WWB-LLL**

## NOTICE OF PENDENCY OF OTHER ACTIONS

Pursuant to Local Rule 1.07(c) of the United States District Court for the Middle District of Florida, Plaintiff Vincent McCrudden, appearing pro se, hereby gives notice that the above-captioned action is related to a civil action presently pending in this Court, as set forth below.

## I. Identification of the Related Action

1. McCrudden v. Apex Trader Funding, Inc., et al., Case No. 3:26-CV-1073-WWB-SJH, United States District Court for the Middle District of Florida, Jacksonville Division (filed April 30, 2026; Hon. Wendy W. Berger, U.S. District Judge presiding).

## II. Description of the Relationship

The above-captioned action and 3:26-CV-1073-WWB-SJH are related within the meaning of Local Rule 1.07(a) for the following reasons:

1. Common Plaintiff. Both actions are brought by Plaintiff Vincent McCrudden, appearing pro se.

2. Common Subject Matter. Both actions arise from substantially similar conduct by retail "proprietary trading" firms — sometimes marketed as "funded trader" or "evaluation

account" programs — in which the firms collect recurring evaluation and reset fees from individual customers, represent that successful customers will receive payouts of profits earned in simulated or live trading environments, and then deny or revoke earned payouts through pretextual account closures or post-hoc rule reinterpretations triggered by, or coincident with, the customer's submission of payout banking information.

3. Overlapping Legal Theories. Both actions assert substantially overlapping federal and state-law theories arising from the same general statutory framework. Both Complaints plead, among other claims: (a) operation of an unregistered commodity pool under the Commodity Exchange Act, including under 7 U.S.C. § 6m; (b) fraud and manipulation in connection with commodity transactions under the Commodity Exchange Act, including under 7 U.S.C. §§ 6b, 6o, 9(1) and 17 C.F.R. § 180.1; (c) controlling-person liability of individual officer defendants under 7 U.S.C. § 13c(b); and (d) parallel state-law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, conversion, unjust enrichment, breach of fiduciary duty, unconscionability, and violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. Although the two Complaints do not cite an identical set of CEA subsections, the construction and application of the Commodity Exchange Act's commodity-pool registration and anti-fraud provisions will present substantially overlapping legal questions in both actions, as will the construction of the parallel state-law claims under Florida law.

4. Overlapping Factual and Pattern-of-Conduct Evidence. Discovery and proof in both actions will draw on the same body of industry-pattern evidence, including but not limited to (a) materials previously produced or referenced in Riot Platforms, Inc. v. Apex Trader Funding, Inc., No. 1:24-cv-01557 (W.D. Tex.), (b) public statements and recorded communications by principals of one or more retail proprietary-trading firms regarding payout-denial practices, and (c) Plaintiff's transactional records and correspondence reflecting the timing of account closures relative to payout requests.

5. Overlapping Regulatory Posture. Both actions are pending while related regulatory submissions remain on file with the Commodity Futures Trading Commission, including the whistleblower complaint assigned CFTC Confirmation No. 2604-1016-4101-52 (filed April 10, 2026), and the subsequent supplement thereto.

6. Risk of Inconsistency or Inefficiency. Local Rule 1.07 is designed to avoid the inefficiency of duplicative judicial labor and the risk of inconsistent rulings on identical or overlapping legal issues among cases involving the same plaintiff and substantially overlapping legal theories. Because both actions are presently assigned to the Honorable Wendy W. Berger, no transfer under Local Rule 1.07(a) is necessary; this notice is filed to satisfy Plaintiff's continuing duty of disclosure under Local Rule 1.07(c) and to preserve the parties' ability to seek further relief, including consolidation under Local Rule 1.07(b), at an appropriate juncture in the proceedings.

## III. Continuing Duty

Plaintiff acknowledges his continuing duty under Local Rule 1.07(c) to file promptly any further Notice of a Related Action that may become required during the pendency of this matter, and certifies that he will serve a copy of this Notice upon each party no later than fourteen (14) days after that party's appearance in this action.

Dated: May 1, 2026

Respectfully submitted,

**Vincent McCrudden**
*Plaintiff, Pro Se*
31 Flyer Circle
Saint Johns, FL 32259
Telephone: (646) 220-9900
Email: vmccrudden@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date set forth above, a true and correct copy of the foregoing Notice of Pendency of Other Actions was filed with the Clerk of the United States District Court for the Middle District of Florida, Jacksonville Division, by United States mail, first-class postage prepaid, addressed to:

**Clerk of Court**
United States District Court
Middle District of Florida, Jacksonville Division
Bryan Simpson United States Courthouse
300 North Hogan Street
Jacksonville, FL 32202

I FURTHER CERTIFY that on the date set forth above, a true and correct copy of the foregoing was served by electronic mail upon counsel for Defendants at the following address:

**Nicole K. Chipi, Esq.**
Senior Managing Associate
SIDLEY AUSTIN LLP
830 Brickell Plaza
Miami, FL 33131
Telephone: (305) 391-5236
Email: nchipi@sidley.com

Service by electronic mail on counsel is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and the written consent of Sidley Austin LLP, communicated to Plaintiff by Ms. Chipi via electronic mail dated April 20, 2026, in which counsel confirmed that Sidley Austin LLP agrees to accept service by electronic mail in this matter.

To the extent any individual Defendant is not represented by Sidley Austin LLP at the time of this filing, the undersigned will cause a copy of this Notice to be served upon that Defendant pursuant to Federal Rule of Civil Procedure 5 no later than fourteen (14) days after that Defendant's first appearance in this action.

## CERTIFICATION REGARDING USE OF
## GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to the Standing Order of the Honorable Wendy W. Berger entered April 2, 2026, In Re: Use of Generative Artificial Intelligence, the undersigned hereby certifies as follows:

1. Generative artificial intelligence was used in the drafting of this Notice of Pendency of Other Actions.

2. Any language drafted with the assistance of generative artificial intelligence — including any such language subsequently edited by the undersigned — has been personally reviewed by the undersigned for accuracy.

3. All legal citations contained in the foregoing Notice reference actual, non-fictitious cases, statutes, rules, or other authorities, and those citations accurately reflect the contents of the authorities cited.

The undersigned acknowledges and accepts full responsibility for the contents of this filing, including all factual assertions, legal authority, and arguments presented.

Dated: May 1, 2026

_____
Vincent McCrudden, Plaintiff Pro Se

**Vincent McCrudden, Plaintiff Pro Se**

McCrudden- Pro se
31 Flyer Circle
Saint Johns, FL
32259

JACKSONVILLE RPDC 320
1 MAY 2026  PM 3  L

Clerks Office
U.S. District Court
300 N. Hogan St.
Jacksonville, FL
32202

3: 26- CV- 816- WWB- LLL