United States District Court
Middle District of Florida
Jacksonville Division

**VINCENT MCCRUDDEN,**

**Plaintiff,**

**v.** **NO. 3:26-CV-816-WWB-LLL**

**TOPSTEPFUNDED LLC, ET AL.,**

**Defendants.**

---

## Order

Before the Court is Defendants' Motion to Stay Proceedings and Discovery Pending Resolution of Defendants' Renewed Motion to Compel Arbitration and Stay Proceedings or, in the Alternative, to Dismiss and Incorporated Memorandum of Law. Doc. 30. Plaintiff proceeding pro se filed a response in opposition, doc. 32, and defendants filed a reply, doc. 35. For the reasons discussed below, defendants' motion to stay is granted.

## Background

On April 9, 2026, plaintiff initiated this action by filing a complaint. Doc. 1. He later filed an amended complaint that asserts various causes of action related to his contractual relationship with defendants. *See* doc. 22 ¶¶ 52–64. Defendants "request a stay of written discovery, document collection and production, depositions, and all related discovery obligations pending resolution" of their motion to compel

arbitration. Doc. 30 at 1–2. They argue that discovery would impose burden and expense on them because they "may be required to identify custodians; preserve, collect, process, and review ESI; negotiate search terms, production formats, and privilege protocols; respond to interrogatories and requests for production; prepare privilege logs; prepare witnesses; and engage in merits discovery." *Id.* at 1. Moreover, defendants argue that plaintiff will not suffer prejudice because the stay is limited to the time necessary to resolve the underlying motion to compel arbitration. *Id.* at 12. Plaintiff asserts various arguments in response including that limited discovery is necessary because "threshold questions reserved to this Court remain unresolved" and that defendants fail to establish good cause for their request. Doc. 32 at 5–7.

**Authority**

"Courts maintain great discretion to regulate discovery." *Falcon v. Televisaunivision Digit., Inc.*, No. 8:23-cv-2340-TPB-JSS, 2024 WL 639789, at *1 (M.D. Fla. Feb. 15, 2024)[1] (citing *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (per curiam)). Under Federal Rule of Civil Procedure 26(c), a court may stay discovery if the movant demonstrates good cause and reasonableness. *Id.* (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). In addition, "[a] court may stay discovery pending resolution of a motion to compel arbitration." *Id.* (citations omitted). "In deciding whether to stay discovery pending resolution of a motion, the

[1] The Court notes that although decisions of district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting *United States v. Space Coast Med. Assocs., L.L.P.*, No. 6:13-cv-1068-Orl-22TBS, 2014 WL 12616951, at *1 (M.D. Fla. Dec. 3, 2014)). "In order to proceed to discovery, a plaintiff must 'state a claim to relief that is plausible on its face.'" *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S.Ct. 1391, 1399 (2026) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Analysis**

Here, the Court finds defendants demonstrated good cause and reasonableness to stay discovery pending resolution of its motion to compel arbitration. A review of the motion to compel arbitration "reveals that it is directed to the entirety of this case and may result in the staying and arbitration of this matter as a whole." *Falcon*, 2024 WL 639789, at *1 (quoting *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (per curiam)[2]). When weighing the harm of delaying discovery against the possibility that the motion to compel arbitration will be granted, the balance weighs in favor of staying discovery. *See Davis v. USHealth Advisors, LLC*, No. 8:25-cv-2779-CEH-AAS, 2026 WL 161018, at *1 (M.D. Fla. Jan. 21, 2026) (citations omitted) ("Allowing discovery to proceed in this action could undermine the purposes of arbitration, as it would incur unnecessary costs, engage in time-consuming discovery efforts into the

[2] The Court acknowledges and considers that "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citation omitted).

merits of this matter, and waste resources that could have otherwise been preserved for arbitration."); *Palm Beach Vacation Owners Ass'n, Inc. v. Escapes, Inc.*, No. 12-00027-KD-B, 2012 WL 13059074, at *1 (S.D. Ala. June 6, 2012) (stating that "allowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement"). Plaintiff altogether fails to reference, let alone identify, the potential prejudice in his response.

The Court finds that a stay of discovery "is reasonable, equitable, and will conserve costs and resources for the litigants and the Court." *Reel Games, Inc. v. Euro Game Tech., Ltd.*, No. 1:24-cv-60713-LEIBOWITZ/AUGUSTIN-BIRCH, 2025 WL 857774, at *1 (S.D. Fla. Feb. 11, 2025). In addition, defendants "participation in discovery could be viewed as a waiver of its right to arbitrate." *Davis*, 2026 WL 161018, at *2 (citing *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011). However, the Court notes that if defendants' "motion to compel arbitration is denied, [p]laintiff[] will be afforded a full opportunity to conduct discovery." *Slatus v. Flake*, No. 4:25-cv-232, 2025 WL 3688730, at *2a (S.D. Ga. Dec. 19, 2025). Thus, defendants' motion to stay is granted.

It is **ordered**:

1. Defendants' Motion to Stay Proceedings and Discovery Pending Resolution of Defendants' Renewed Motion to Compel Arbitration and Stay Proceedings or, in the Alternative, to Dismiss and Incorporated Memorandum of Law, doc. 30, is **granted**.

2. Discovery is **stayed** as to all parties until the resolution of defendants' motion to compel arbitration, doc. 26.

**Ordered** in Jacksonville, Florida, on August 10, 2026.

/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Vincent McCrudden, pro se plaintiff
31 Flyer Circle
Saint Johns, FL 32259
vmccrudden@gmail.com
Stephen L. Cohen, Esquire
Ian McGinley, Esquire
Nicole Kristine Chipi, Esquire